UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Henry Mallory,**
    **Plaintiff,**

vs.                        07-1286

**Dr. Fisher, et al.,**
    **Defendants**

## ORDER

On October 30, 2007, this court entered an order in 07-1248, *Mallory v. Fisher, et al.* In that case on October 2, 2007, the court held a merit review of the plaintiff's complaint pursuant to 28 U.S.C. Section 1915A.  The court noted that 28 U.S.C. § 1915(g) states that in no event shall a prisoner bring a civil action... under this section... if the prisoner has... [three strikes]..., unless the prisoner is under imminent danger of serious physical injury. This plaintiff has already earned at least seven strikes.  Judge Reinhard, United States District Court, Northern District of Illinois dismissed three of the plaintiff's civil lawsuits for failure to state a claim: (1) Mallory v. Chief Judge Lee County, Il, case no. 05-50066, dismissed on June 3, 2005; (2) Mallory v. Bock, et al., 05-59114, dismissed on June 23, 2005 and (3) Mallory v. Unknown Federal Agents, 06-50165, dismissed on September 21, 2006.  Further, this court dismissed four of the plaintiff's civil lawsuits for failure to state a claim: (1) 03-2086 on October 15, 2003; (2) 03-1403 on November 15, 2004; (3) 03-1354 on August 30, 2004 and (4) 07-1153 on August 9, 2007.

The court notes that this plaintiff has made the same allegations made in the plaintiff's instant complaint, as well as names the same defendants, as in 07-1248 *Malory v. Fisher, et al.* He names one new defendant in the instant case.  Henry Mallory has filed several lawsuits in this court and a number of the appeals have been dismissed for failure to pay the filing fees.  See the court's dockets in 03-2086, 03-1403, 03-1354.  The plaintiff has accumulated at least seven strikes and is not permitted to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g), unless he is in imminent danger.  A prisoner who becomes ineligible under § 1915(g) to continue litigating in forma pauperis, and who then files additional suits or appeals, yet does not pay the necessary fees, loses the ability to file future civil suits. *Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997).  Until the plaintiff has paid in full all outstanding fees and sanctions in all civil actions he has filed in this district, the clerk of this court shall return unfiled any papers submitted either directly or indirectly by or on behalf of the plaintiff Henry Mallory.  This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin*, 123 F.3d at 436-37, and *Support Systems Int'l Inc. v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995) (per curiam).  *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

**It is ordered:**

1. Based on the foregoing, the court denies the plaintiff's petition to proceed in forma pauperis [2].
2. Pursuant to 28 U.S.C. § 1915(g), the plaintiff's petition to proceed in forma pauperis [2] is denied.
3. Any remaining matters are rendered moot.  The plaintiff's lawsuit is dismissed in its entirety.
4. Pursuant to *Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997), the plaintiff has lost the ability to file future civil suits in this district.
5. Until the plaintiff has paid in full all outstanding fees and any sanctions in all civil actions he has filed in this district, the clerk of this court shall return unfiled any papers submitted either directly or indirectly by or on behalf of the plaintiff Henry Mallory.
6. This order does not apply to criminal cases or petitions challenging the terms of the plaintiff's confinement, and may be reexamined in two years under the approach of *Newlin*, 123 F.3d at 436-37, and *Support Systems Int'l Inc. v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995).
7. Finally, the clerk of the court is directed to add Henry Mallory to the restricted filers log, forthwith.

Enter this 7th   day of February 2008.

                                       s\Harold A. Baker
                               _____
                                         **Harold A. Baker**
                                   **United States District Judge**